CLIFFORD E. VAN BUREN, an Infant, by GEORGE C. VAN BUREN, His Guardian ad Litem, Respondent, *v.* THE TOWN OF BETHLEHEM, Appellant.

Third Department, May 2, 1917.

**Municipal corporations — negligence — liability of town for injury to minor while walking along footpath over sandy bank adjoining highway — evidence of prior accident at same place.**

Where in an action against a town for personal injuries, it appears that the plaintiff, a boy about nine years of age, in order to avoid a team approaching through a cut in a sandy country road, went upon a footpath not made or maintained by the town, which was about three feet wide and within twelve to twenty-five inches of the sandy bank forming the cut into the road, and the bank gave way, it was reversible error to allow a witness to testify that at the same place about ten years before the present accident, in the winter time and in the evening, while passing

over the path, which was covered with snow, ice and slush, she slipped off the bank and broke her shoulder.

From the lapse of time and the difference in the circumstances, such evidence was incompetent to show the dangerous condition of the footpath or notice to the town.

Under the circumstances shown, the town cannot be held to have been negligent.

APPEAL by the defendant, The Town of Bethlehem, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 1st day of September, 1916, upon the verdict of a jury for $200, and also from an order entered in said clerk's office on the 11th day of September, 1916, denying defendant's motion for a new trial made upon the minutes.

*William A. Glenn* [*Michael D. Reilly* of counsel], for the appellant.

*Frost, Daring & Warner* [*Stephen J. Daring* of counsel], for the respondent.

KELLOGG, P. J.:

The McCormick road is about two and one-half miles long and runs from the New Scotland State road to Slingerlands, there again joining that road, and is used principally for the accommodation of the ten or twelve farmers who live upon it. It is two rods wide, unimproved and sandy. At the place where the plaintiff received his injuries, the road runs through a little hill, the banks on either side of it being about four feet higher than the road itself. The road was very sandy through this cut, and running along this road, in different places, were footpaths, used by pedestrians, and at this place a footpath, about three feet wide, was more or less used by people traveling along the road. The path was within twelve to twenty-five inches of the bank forming the cut into the road; the bank was sandy.

The plaintiff, a lad about nine years of age, May 17, 1911, at about six o'clock P. M. was passing over the road with his bicycle and saw a team approaching at the other end of the cut. To avoid it he went upon the footpath, pushing his bicycle at his side, he walking between the bicycle and the

traveled part of the road, when the sandy bank gave way, as he says, and he fell, sustaining an injury. It was proved, over the defendant's objection, that at this place, about ten years before the accident, in the winter time, at about seven-thirty in the evening, a woman, while traveling along this road in the dark, while it was covered with snow, ice and slush, slipped off the bank, fell and broke her shoulder. She says: " Well, I stepped too near the edge and there was false grass there and there was no earth under it and I wasn't aware of that, and fell out." From the lapse of time and the difference in the circumstances this evidence was incompetent to show the dangerous condition of the footpath or notice to the town, and its receipt requires a reversal of the judgment.

The footpath was not made or maintained by the town for travel, but some pedestrians from time to time had traveled there and made more or less of a path of it. The condition of the soil in the neighborhood was naturally sandy and it is evident that if any one came too near the bank it was liable to give way. In this locality, under the circumstances, we do not feel that any negligence has been shown. (*Flansburg* v. *Town of Elbridge*, 205 N. Y. 423; *Lane* v. *Town of Hancock*, 142 id. 510; *King* v. *Village of Fort Ann*, 180 id. 496.)

We do not find in the case sufficient evidence to charge the defendant with negligence. The judgment should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

All concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.